NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 10 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PAOLA NATALI CHAVEZ-GOMEZ; A. N. C.-C; D. E. C.-C., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-349 <br><br> Agency Nos. <br> A220-597-246 <br> A220-597-247 <br> A220-597-248 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2026**
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and TUNG, Circuit Judges.

Petitioner Chavez-Gomez and her two children ("Petitioners"), natives and

citizens of Honduras, seek review of the Board of Immigration Appeals' ("BIA")

dismissal of their appeal from an Immigration Judge's ("IJ") decision denying their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, humanitarian asylum, withholding of removal, and Convention Against Torture ("CAT") protection, and their motion for continuance. We have jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C. § 1252, and we deny the petition. We review the denial of asylum, withholding of removal and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under the substantial evidence standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.*

1. Substantial evidence supports the BIA's determination that Petitioners failed to establish nexus, foreclosing both their asylum and withholding of removal claims. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). "For asylum, she must provide evidence showing that her protected characteristics were one central reason for either her past harms or her feared future harms." *Id*. at 1018 (citation and internal quotations omitted). "For withholding, she must provide evidence showing it is more likely than not that her life or freedom will be threatened, consisting in part of evidence indicating that her protected characteristics will be a reason for her suffering harm in the future." *Id.* (citation and internal quotations omitted).

Substantial evidence supports the BIA's conclusion that the gangs targeted Chavez-Gomez for money, not because she was a woman or a Honduran who reported criminal acts to the police. When the gang members broke into her home, they threatened both Chavez-Gomez and her male partner, telling them that they needed to pay 8,000 lempiras every month. The gang members returned and tried to break into Petitioners' home the day they expected Chavez-Gomez and her male partner to pay the protection money. When the gang members kidnapped and beat Chavez-Gomez, they were still demanding the money at that instant. They only let her go after she agreed to give them the money. Chavez-Gomez herself stated that she believed she was kidnapped, beaten, and sexually assaulted because she did not pay the gang. The Ninth Circuit has repeatedly held that being a victim of a crime that was motivated by financial gain—without more—is an insufficient basis for asylum or withholding of removal. *See e.g.*, *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021); *Rodriguez-Zuniga*, 69 F.4th at 1018–21.

Petitioners argue that the fact that Chavez-Gomez suffered sexual assault, by itself, establishes that she was independently targeted because of her status as a woman. But an "applicant must still demonstrate that the [sexual assault] was on account of a statutorily protected ground, such as an imputed political opinion." *Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1075 (9th Cir. 2004) (quotation

omitted). Petitioners fail to demonstrate that here. Petitioners therefore fail to establish nexus to obtain withholding of removal and eligibility for asylum. *Rodriguez-Zuniga*, 69 F.4th at 1018.

2. Petitioners' CAT claims fair no better. To obtain relief under CAT, Petitioners bear the burden of establishing that "it is more likely than not that [they] would be tortured if removed to the proposed country of removal," 8 C.F.R. § 1208.16(c)(2), and that the Honduran government would acquiesce to this torture. *See* 8 C.F.R. § 1208.18(a)(1). While police did not arrest the gang members who targeted Chavez-Gomez, "[e]vidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (quotation omitted). And Petitioners provide no basis for their suspicions that police were linked to the gang and told the gang that Chavez-Gomez had filed a police report so that the gang could further threaten her.

Petitioners also argue that the BIA, in ruling on their CAT claim, did not adequately consider their country report as evidence of likelihood of future torture. But the BIA clearly considered the report, citing it in the BIA's decision. The BIA simply found the report insufficient for Petitioners to meet their burden to show that the government would acquiesce to Petitioners' potential torture. *See* 8 C.F.R. § 1208.16(c)(2).

3. Petitioners' claim that the IJ wrongly dismissed their motion for continuance is unexhausted and therefore unreviewable. *See* 8 U.S.C. § 1252(d)(1). Petitioners are "deemed to have exhausted only those issues [they] raised and argued in [their] brief." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). While Petitioners raised their motion for continuance issue in their notice of appeal to the BIA, they did not mention the motion for continuance in their brief to the BIA.

4. Similarly, Petitioners did not exhaust their humanitarian asylum claim because they only passingly referenced this claim in the facts section of their BIA brief. They therefore did not put the BIA "sufficiently on notice so that it had an opportunity to pass on the issue." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (quotation omitted).

**PETITION DENIED.**[1]

---

[1] Petitioners' motion to stay removal (25-349, Dkt. No. 9) is DENIED.